Bartindale *v.* Lewis *et al.*

BARTINDALE *v.* LEWIS ET AL.

[No. 2,203.  Filed February 17, 1898.]

GRAVEL ROADS.—*Construction.*—*Liability of Superintendent.*—The act of 1889 (Acts 1889, p. 433), does not authorize an action to be brought against the superintendent of construction of free gravel roads for material used in the construction thereof.  *pp. 290-292.*

APPEAL AND ERROR.— *Record. — Jurisdiction. — Default. —* Where judgment was rendered against defendant on default the record must show service of process at the time of such default.  *p. 292.*

From the Newton Circuit Court.  *Affirmed.*

*Daniel Fraser* and *Will Isham,* for appellant.

*Cummings & Darroch* and *J. B. Milner,* for appellees.

ROBINSON, C. J.—Appellee Fewell was the superintendent of construction of a free gravel road, constructed under the act of 1889 providing for the construction of gravel roads on county lines. Fewell was appointed by the boards of Tippecanoe and Benton counties. Appellee Lewis was the contractor who constructed the road and had executed a bond conditioned as provided by law. Bartindale furnished supplies to Lewis which were used in the construction of the road. Lewis sued Fewell for the unpaid portion of the contract price which amount was compromised and an agreement entered into between them by which Fewell was to retain a part of the contract price and pay claims for material and labor upon the written order of said Lewis. Lewis owed Bartindale for materials used in the construction of the road, and, after the above agreement was made, gave the following order:

"Otterbien, Ind., March, 1894. To John W. Fewell. Please pay John Bartindale $203.17 in full of his claim filed with you herein. [Signed.] Hamer W. Lewis."

"This certifies that I have this day settled with Hamer W. Lewis in full for all claims against the I. E. Switzer free gravel road, that there is due me 203.17 dollars. J. C. Bartindale." Fewell made no written acceptance of the order but told Bartindale the order was good and would be paid. Suit was brought on this order against Fewell and Lewis, and upon a special finding of facts, conclusions of law were stated in appellee Fewell's favor, and judgment rendered thereon against Bartindale for costs. Appellant has assigned as error the conclusions of law upon the facts found.

The act of March 11, 1889, provides for the appointment of an engineer from the county where the peti-

tion was first filed to superintend the performance and completion of the work, and with the approval of the boards of the two counties make a contract, for the performance of the work. The act further provides that it shall be the duty of the superintendent, together with the two boards in joint session, to construct the road as ordered by the two boards in accordance with the plans and specifications, and shall let a contract for the same requiring a bond from the successful bidder, that he shall give notice of the time and place the contract will be let. When the work is completed it is made the duty of the superintendent to certify the same to the auditor of each county, and return all plans and specifications to the auditor of the oldest county. It is further provided that the superintendent or the boards of the two counties shall have power to contract for and purchase such stone, gravel, or any other material as may be necessary for the construction of such road, and if the superintendent or commissioners and the owners of such stone or other material cannot agree on a price, provision is made for the appointment of appraisers and an appeal. Acts 1889, p. 433.

There is nothing in the above act which authorizes the superintendent to receive from the two counties any money to be by him paid out for the construction of the road. The boards of the two counties were not parties to the agreement between the superintendent and the contractor with reference to how the money should be paid. The court found as a fact that Fewell had no control over the money to be paid out for the road, except to recommend its payment upon estimates made by him, or upon orders by him approved, and that before the commencement of this action all the money for the construction of the road had been paid out by the respective treasurers of the two

Bartindale *v.* Lewis *et al.*

counties upon such estimates and orders, and that no part of such moneys came into the actual possession of Fewell, and that no part of the contract price is still unpaid.    Upon this finding it is clear that the court's conclusion of law as to appellee Fewell is right, and that no judgment could be rendered against him.

It is argued by appellant's counsel that, "as far as the appellee Lewis is concerned, the judgment is clearly erroneous."    But the record fails to show that any judgment was rendered either for or against Lewis.    It appears that a summons was issued for both Fewell and Lewis, but the record does not disclose that it was ever served on either, the transcript stating that the summons is not on file.    Fewell appeared and answered, and the record recites, "And the defendant Lewis having failed to appear in person or by counsel, is three times called, but comes not, and herein wholly makes default."    The trial court did not render judgment either for or against Lewis, and this action of the court must be upheld if it can be done from the record.    It is true the defendants were ruled to answer and Fewell did demur and afterwards answered.    But in view of the attempted default of Lewis the presumption is that if he had, prior to that time, appeared by counsel, such appearance had been withdrawn and that he was defaulted as though there had never been an appearance for him.    As the record fails to disclose that he had ever been served with process, there was want of jurisdiction of the person at the time of the default.    Besides neither the complaint nor the special finding shows that appellant is entitled to any judgment against Lewis.    Judgment affirmed.

Wiley, J., took no part in this decision.